IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | Case No. 07-33973 |
| | | Chapter 7 |
| JOHN D. WHITE | : | |
| KIMBERLY A. WHITE | | Judge Lawrence S. Walter |
| | : | |
| Debtors. | | |

___

| | | |
|---|---|---|
| **DONALD F. HARKER, III, TRUSTEE**, | : | ADV. PRO. NO.: |
| Plaintiff, | : | |
| -vs.- | : | |
| **BAUPOST ASSOCIATES LIMITED PARTNERSHIP** | : | |
| c/o The Baupost Group, Inc. | : | |
| 44 Brattle Street | | |
| Cambridge, MA 02238 | : | |
| and | : | |
| **BAUPOST CAPITAL, L.L.C.** | : | |
| c/o SAK Corporation | | |
| 10 St. James Avenue, Suite 2000 | : | |
| Boston, MA 02116 | | |
| | : | |
| and | | |
| | : | |
| **THE BAUPOST FUND** | | |
| c/o William J. Poorvu | : | |
| 975 Memorial Drive | | |
| Cambridge, MA 02138 | : | |
| and | : | |
| **BAUPOST GROUP SECURITIES L.L.C.** | : | |
| c/o SAK Corporation | | |
| 10 St. James Avenue, Suite 2000 | : | |
| Boston, MA 02116 | | |
| | : | |
| and | | |

1

| | |
|---|---|
| **THE BAUPOST GROUP, INC.** | : |
| c/o Paul C. Gannon | |
| The Baupost Group, LLC | : |
| 10 St. James Avenue, Suite 2000 | |
| Boston, MA 02116 | : |
| | |
| and | : |
| | |
| **THE BAUPOST GROUP, L.L.C.** | : |
| c/o SAK Corporation | |
| 10 St. James Avenue, Suite 2000 | : |
| Boston, MA 02116 | |
| | : |
| and | |
| | : |
| **BAUPOST INSTITUTIONAL REALTY** | |
| **PARTNERS, L.L.C. –I** | : |
| c/o SAK Corporation | |
| 10 St. James Avenue, Suite 2000 | : |
| Boston, MA 02116 | |
| | : |
| and | |
| | : |
| **BAUPOST INSTITUTIONAL REALTY** | |
| **PARTNERS, L.L.C. – II** | : |
| c/o SAK Corporation | |
| 10 St. James Avenue, Suite 2000 | : |
| Boston, MA 02116 | |
| | : |
| and | |
| | : |
| **BAUPOST LIMITED PARTNERSHIP 1983** | |
| **A-1** | : |
| c/o Scott Stone | |
| 10 St. James Avenue, Suite 2000 | : |
| Boston, MA 02116 | |
| | : |
| and | |
| | : |
| **BAUPOST LIMITED PARTNERSHIP 1983** | |
| **A-1 (merged into on Jan. 1, 2003)** | : |
| c/o SAK Corporation | |
| 44 Brattle Street | : |
| Cambridge, MA 02238 | |
| | : |
| and | |

2

| | |
|---|---|
| **BAUPOST LIMITED PARTNERSHIP 1983 B-1**<br>c/o Scott Stone<br>10 St. James Avenue, Suite 2000<br>Boston, MA 02116 | :<br>:<br>:<br>: |
| and | : |
| **BAUPOST LIMITED PARTNERSHIP 1983 B-1 (merged into on Jan. 1, 2003)**<br>c/o SAK Corporation<br>10 St. James Avenue, Suite 2000<br>Boston, MA 02116 | :<br>:<br>:<br>: |
| and | : |
| **BAUPOST LIMITED PARTNERSHIP 1983 C-1**<br>c/o Scott Stone<br>10 St. James Avenue, Suite 2000<br>Boston, MA 02116 | :<br>:<br>:<br>: |
| and | : |
| **BAUPOST LIMITED PARTNERSHIP 1983 C-1 (merged into on Jan. 1, 2003)**<br>c/o SAK Corporation<br>10 St. James Avenue, Suite 2000<br>Boston, MA 02116 | :<br>:<br>:<br>: |
| and | : |
| **BAUPOST LIMITED PARTNERSHIP 1983 D-1**<br>c/o SAK Corporation<br>44 Brattle Street<br>Cambridge, MA 02238 | :<br>:<br>:<br>: |
| and | : |
| **BAUPOST LIMITED PARTNERSHIP 1984 D-1**<br>c/o SAK Corporation<br>44 Brattle Street<br>Cambridge, MA 02238 | : |

**RIESER & ASSOCIATES LLC**
7925 Graceland Street · Dayton, Ohio 45459-3834 · 937/224-4128

and :

**BAUPOST LIMITED PARTNERSHIP 1985** :
**D-1**
c/o SAK Corporation :
44 Brattle Street
Cambridge, MA 02238 :

and :

**BAUPOST LIMITED PARTNERSHIP 1985** :
**E-1**
c/o The Baupost Group Inc. :
44 Brattle Street
Cambridge, MA 02238 :

and :

**BAUPOST LIMITED PARTNERSHIP 1987** :
**F-1**
c/o SAK Corporation :
44 Brattle Street
Cambridge, MA 02238 :

and :

**BAUPOST PARTNERS, L.L.C.** :
c/o SAK Corporation
10 St. James Avenue, Suite 2000 :
Boston, MA 02116
and :

**BAUPOST REALTY PARTNERS, L.L.C. I** :
c/o SAK Corporation
10 St. James Avenue, Suite 2000 :
Boston, MA 02116
:
and
:
**BAUPOST REALTY PARTNERS, L.L.C. II**
c/o SAK Corporation :
10 St. James Avenue, Suite 2000
Boston, MA 02116 :

and :

4

| | |
|---|---|
| **BAUPOST REALTY PARTNERS, L.L.C. III** <br> c/o SAK Corporation <br> 10 St. James Avenue, Suite 2000 <br> Boston, MA 02166 | : <br> : <br> : |
| and | : |
| **BAUPOST REALTY PARTNERS, L.L.C – CA.AZ.** <br> c/o Boston Sterling, Inc. <br> 10 St. James Avenue, Suite 2000 <br> Boston, MA 02116 | : <br> : <br> : |
| and | : |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – I** <br> c/o The Baupost Group, Inc. <br> 44 Brattle Street <br> Cambridge, MA 02238 | : <br> : <br> : |
| and | : |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – II (CONSENT)** <br> c/o The Baupost Group, Inc. <br> 44 Brattle Street <br> Cambridge, MA 02238 <br> and | : <br> : <br> : |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – III (CONSENT)** <br> c/o The Baupost Group, Inc. <br> 44 Brattle Street <br> Cambridge, MA 02238 | : <br> : <br> : |
| and | : |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – IV (CONSENT)** <br> c/o The Baupost Group, Inc. <br> 44 Brattle Street <br> Cambridge, MA 02238 | : <br> : <br> : |
| and | : |

| | |
|---|---|
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – V (CONSENT)** | : |
| c/o The Baupost Group, Inc. | |
| 44 Brattle Street | : |
| Cambridge, MA 02238 | |
| | : |
| and | : |
| | |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – VI (CONSENT)** | : |
| c/o The Baupost Group, Inc. | |
| 44 Brattle Street | : |
| Cambridge, MA 02238 | |
| | : |
| and | : |
| | |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – VII (CONSENT)** | : |
| c/o The Baupost Group, Inc. | |
| 44 Brattle Street | : |
| Cambridge, MA 02238 | |
| | : |
| and | : |
| | |
| **BAUPOST REALTY PARTNERS, LIMITED PARTNERSHIP – VIII (CONSENT)** | : |
| c/o The Baupost Group, Inc. | |
| 44 Brattle Street | : |
| Cambridge, MA 02238 | |
| | : |
| Defendants. | : |

---

**COMPLAINT OF TRUSTEE TO DETERMINE VALIDITY AND PRIORITY OF LIENS ON THE REAL ESTATE COMONLY KNOWN AS 4046 IVYGROVE LANE, MASON, OHIO 45040-5802, AND TO AVOID SUCH LIENS PURSUANT TO 11 U.S.C. §§ 541, 547, 550; AND TO PRESERVE ALL AVOIDED LIENS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551**

---

**NOW COMES** Donald F Harker, III, the duly appointed and acting Chapter 7 Bankruptcy Trustee ("Plaintiff" or "Trustee") of John D. White and Kimberly A. White (hereinafter referred to as "Debtors"), by counsel, and pursuant to Bankruptcy Rule 7001, hereby

6

brings this Complaint against (1) Baupost Associates Limited Partnership, (2) Baupost Capital, L.L.C., (3) The Baupost Fund, (4) Baupost Group Securities L.L.C., (5) The Baupost Group, Inc., (6) The Baupost Group, L.L.C., (7) Baupost Institutional Realty Partners, L.L.C. – I, (8) Baupost Institutional Realty Partners, L.L.C. – II, (9) Baupost Limited Partnership 1983 A-1, (10) Baupost Limited Partnership 1883 A-1 (merged into on Jan. 1, 2003), (11) Baupost Limited Partnership 1983 B-1, (12) Baupost Limited Partnership 1983 B-1 (merged into on Jan. 1, 2003), (13) Baupost Limited Partnership 1983 C-1, (14) Baupost Limited Partnership 1983 C-1 (merged into on Jan. 1, 2003), (15) Baupost Limited Partnership 1983 D-1, (16) Baupost Limited Partnership 1984 D-1, (17) Baupost Limited Partnership 1985 D-1, (18) Baupost Limited Partnership 1985 E-1, (19) Baupost Limited Partnership 1985 F-1, (20) Baupost Partners, L.L.C., (21) Baupost Realty Partners, L.L.C. – I, (22) Baupost Realty Partners, L.L.C. – II, (23) Baupost Realty Partners, L.L.C. – III, (24) Baupost Realty Partners, L.L.C. – CA.AZ, (25) Baupost Realty Partners, Limited Partnership – I, (26) Baupost Realty Partners, Limited Partnership – II (Consent), (27) Baupost Realty Partners, Limited Partnership – III (Consent), (28) Baupost Realty Partners, Limited Partnership – IV (Consent), (29) Baupost Realty Partners, Limited Partnership – V (Consent), (30) Baupost Realty Partners, Limited Partnership – VI (Consent), (31) Baupost Realty Partners, Limited Partnership – VII (Consent) and (32) Baupost Realty Partners, Limited Partnership – VIII (Consent)(herein collectively referred to as "Defendants") herein and states and avers as follows:

## **BACKGROUND OF THE CONTROVERSY**

1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 11 U.S.C. §§ 541, 547, 550, and 551, 28 U.S.C. §§ 1334 and 157. This adversary proceeding arises under Title 11 of the United States Code and arises or is related to the above-

captioned Chapter 7 cases now pending before the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton, and has been referred to this Court by the Standing Order Of Reference entered in this District on July 30, 1984 pursuant to 28 U.S.C. § 157. This is alleged to be a core proceeding, <u>inter alia</u>, pursuant to 28 U.S.C. §§ 157(b)(2)(C), (E), (F), (K) and (O).

2. Defendants herein are subject to the personal jurisdiction of this Court, and venue lies with this Court pursuant to 28 U.S.C. § 1409.

3. Plaintiff, Donald F. Harker, III, Trustee is the duly appointed and acting Chapter 7 Bankruptcy Trustee of the Debtors and has standing to bring this proceeding pursuant to 11 U.S.C. §§ 541, 547, 550 and 551. The Trustee maintains a place of business at 130 W. Second Street, Suite 2103, Dayton, Ohio 45402.

4. On September 11, 2007, the Debtors filed their Chapter 7 bankruptcy petition ("Petition Date"). The 341 Meeting of Creditors was held in this matter on November 09, 2007.

5. Defendants have a mailing address as listed in the caption of this Complaint, above.

6. The Debtors executed a mortgage, on real property located at 4046 Ivygrove Lane, Mason, Ohio 45040 (the "Property"), with First Magnus Financial Corporation ("First Magnus") on April 30, 2007 in the amount of $417,000.00 and was perfected by recording with the Warren County Recorder on July 12, 2007(the "Mortgage").

7. First Magnus filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, District of Arizona prior to the petition date in the case *sub judice* and First Magnus has received its discharge in accordance with a confirmed second amended plan.

RIESER & ASSOCIATES LLC
7925 Graceland Street · Dayton, Ohio 45459-3834 · 937/224-4128

8. Upon information provided by representatives of Aurora Loan Servicing, LLC acting solely as nominee for First Magnus, First Magnus sold the debt secured by the Mortgage to a Defendant referenced only as "Baupost." Upon information and belief one of the named Defendants is the "Baupost" referenced by Aurora Loan Servicing, LLC and is the holder of the subject debt.

9. Defendants are the current holders of the Mortgage secured by the Property.

10. The Debtors executed a second mortgage on the real property with First Magnus on April 30, 2007 in the amount of $121,000.00. Upon information and belief the second mortgage has been sold to and charged off by Lehman Brothers. Lehman Brothers filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, Southern District of New York (Manhattan) on September 15, 2008.

11. At the time the Debtors granted the Mortgage to the Defendants on the Property, the Debtors were insolvent or contemplating insolvency.

12. Plaintiff, in his representative capacity and otherwise as Trustee is able to avoid the Mortgage granted to First Magnus and now held by Defendants by the Debtors.

13. Plaintiff has no adequate remedy at law.

### CLAIM FOR RELIEF – 547 PREFERENTIAL TRANSFER

14. Plaintiff realleges and incorporates Paragraphs 1 through 13 as if fully rewritten herein.

15. The Trustee is entitled to avoid the transfer of the Mortgage to the Defendants because it is preferential and avoidable pursuant to 11 U.S.C. § 547 as having been made within the ninety (90) days prior to the Petition Date ("Preference Period").

16. The Defendants are pre-petition creditors of the Debtors.

**RIESER & ASSOCIATES** LLC
7925 Graceland Street · Dayton, Ohio 45459-3834 · 937/224-4128

17. Within the Preference Period, Debtors granted the Mortgage, a security interest, to Defendant in the Property, which constitutes property in which Debtors had an interest, to or for the benefit of the Defendants.

18. Upon information and belief, the debt owed to Defendants by Debtors was created at the time that the Mortgage was executed, on or about April 30, 2007.

19. Pursuant to 11 U.S.C. § 547 and Ohio Law, the transfer of the security interest made through the Mortgage (the "Transfer") took place at the time that the Mortgage was recorded, on or about July 12, 2007.

20. The Transfer to Defendants was made by Debtors for or on account of antecedent debt(s) owned by Debtors to Defendants before the Transfer, and the effect of that Transfer was to enable Defendants to receive more than said Defendants would receive if the Transfer had not been made and the Defendants were to receive payment of the debt to the extent provided in a Chapter 7 bankruptcy case.

21. The Mortgage was perfected more than 30 days after the debt to Defendants were created and, therefore, is not protected by the "safe harbor" provision of 11 U.S.C. § 547(e)(2).

22. As a direct and proximate result of the foregoing, Plaintiff is entitled to avoid the Mortgage that was granted to the Defendants and preserve the priority of same for the benefit of the estate, pursuant to 11 U.S.C. §§ 547 and 551.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff based upon the foregoing Paragraphs 1 through 22 demands judgment against the Defendants on its claim for relief as follows:

    A. For an Order pursuant to 11 U.S.C. §§ 547 and 551, ordering avoidance and preservation of the Defendants' Mortgage; and

    B. For such further and other legal and equitable relief to which this Court determines that Plaintiff is entitled.

        Respectfully submitted,

        ***/s/ Patricia J. Friesinger***

        _____
        John Paul Rieser (0017850)
        Patricia J. Friesinger (0072807)
        Rieser & Associates LLC
        7925 Graceland Street
        Dayton, Ohio 45459-3834
        Tel: 937/224-4128
        Fax: 937/224-3090
        e-Mail: attyecfdesk@rieserlaw.com
        Attorneys for Donald F. Harker, III, Trustee